UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



ROY DAVID KINARD,

    Plaintiff,
v.                               Case No.: 322-cv-897-MMH-JBT
THE FLORIDA DEPARTMENT
OF CORRECTIONS et.al.,
_____/

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

On August 3rd, 2023 Plaintiff received, through the Cross City Institution legal mailroom, the twenty four (24) page Defendant's Florida Department of Corrections, (FDC), Motion to Dismiss, Document 54.

All of Plaintiff's allegations in his complaint are true.

Defense counsel has purposefully left out pertinent facts and allegations in the hopes that Plaintiff would not file a Motion in Opposition and this Court would dismiss the complaint.

Defense counsel page# 1 in the procedural history and allegations started out using Ad Hominem by stating "Plaintiff is a life sentenced inmate in the FDC;" clearly attacking Plaintiff's character and having personal prejudices.

Next, Page# 2, Defense counsel states that on April 7, 2022, Plaintiff was seen by R.N. Gilbert who asked him why he had not claimed a medical

1

emergency and directed him to do so next time. Defense counsel conveniently leaves out on Page# 2 that, *Plaintiff explained that we are told unless we are bleeding or dying it is not a medical emergency*. Further defense counsel stated that Plaintiff was told he would have a callout for x-rays; *but leaves out that Plaintiff said on Monday April 11, 2022, but was never called for x-rays on Monday April 11, 2022. (Doc. 33 at 8).*

Defense counsel stated Page# 2 that Plaintiff submitted a sick call request and was seen by Dr. Llorens. (Doc at 9); *But again leaves out that Plaintiff said on April 12, 2022 Plaintiff filed a grievance and a sick call. (Doc at 9). Further Plaintiff stated that he was told that he would see a doctor within a few days and if needed would be called back for follow up x-rays.*

Next, Defense counsel states Page# 2 on April 27, 2022, Plaintiffs crutch and bed pass expired. (Doc 33 at 9); but again leaves out *that Plaintiff said also he was never seen for a follow up visit with the Doctor or x-rays, or that he filed another sick call request on May 7, 2022,* Defense counsel stated that, on May 11, 2022 Plaintiff was seen by R.N. Gilbert. Id., *but does not say that nurse Gilbert advised Plaintiff, that Plaintiff was suppose to have a follow up from his x-ray on April 18, 2022, which never occurred. R.N. Gilbert further advised Plaintiff that Plaintiff was scheduled*

2

*for May 13, 2022 to see the Doctor, but Plaintiff was never called to see the doctor on May 13, 2022.* Id. 10 Defense counsel next says that On May, 14, 2022, Plaintiff submitted another sick call request due to the continued inflammation and pain. Id., *but Plaintiff stated that on May 14, 2022 submitted another sick call request due to the swelling, inflammation, and continued excruciating pain from the foot injury, and the fact that Plaintiff was not seen by any Doctor as told he would on May 13, 2022, and May 16, 2022 Plaintiff filed a third grievance due to the fact he was not receiving adequate medical treatment;* than defense counsel states that Plaintiff was seen on May 18, 2022 and that his x-rays looked fine, and he only had a mild sprain, however, due to Plaintiffs age, the injury will take a long time to heal, *But leaves out that Plaintiff asked Dr. Llorens why he was not seen for a follow up within a week, and was told there was no need; Plaintiff then asked Dr. Llorens to please look at his foot because it was swollen, inflamed, discolored, and very painful; and Plaintiff further asked if it was possible that the tendons, ligaments, or something else was torn or wrong; and Dr, Llorens responded that your getting old and it will take a long time to heal, and that the x-rays showed you are fine; and Dr Llorens refused to give Plaintiff anything for pain and told Plaintiff to go back to work. Id., 10 11.*

3

Next Defense counsel states that, on May 19 2022, plaintiff was seen by R.N. Gilbert, who gave him a three-day bed rest pass and scheduled him for another x-ray. (Doc. 33 at 11); *but again leaves out that R.N. Gilbert told Plaintiff that another x-ray was scheduled for May 23, 2022, but the x-ray was cancelled so Plaintiff was told to go to work.*

Defense Counsel next states that, *on June 3, 2022,* Plaintiff was seen by Dr. Llorens. Id. *but leaves out that Plaintiff was advised by Dr. Llorens because it had been so long and they missed the fracture that it will take six months, a year, or longer to heal, but because of the time frame of the fracture there is nothing they can do. Plaintiff asked Dr. Llorens for pain medication and a lay in due to the fact that the foot swells as he walks and Plaintiff is in extreme pain. Dr. Llorens told Plaintiff there was nothing he could do and to go back to work. Plaintiff is forced to continue to walk approximately ½ mile to work, walk long hallways, and climb stairs and at all times is in excruciating pain and with a swollen broke foot that feels like his leg is on fire.*

Defense counsel next stated that, on June 10, 2022, Plaintiff was informed he would receive an air cast that afternoon. (Doc. 33 at 11). *But leaves out that Plaintiff was told he would be evaluated again in three to six weeks; and Plaintiff asked why now an air cast and what happened to an*

4

*orthopedic surgeon and was told it would heal; and Plaintiff asked if it was possible that it was healing crooked; and he was told it is healing just fine, and because Plaintiff is old, it will take time; and that next week they would put air in the air cast, but what good was a air cast without air? And Plaintiffs leg was moving inside the cast and has made the pain even worse being there is no stability and the swelling has increased and it has been seventy nine days (79) since Plaintiffs fracture.* (Doc. 33 at 11).

*Defense counsel makes no mention of Plaintiff put in a sick 6/23/2022 because he received his medical records and it showed he had been given passes but was never issued any, and had no idea what the passes were for, and that they have still not put air in the cast, and Plaintiffs foot is moving around and it's no different than wearing a shoe.* Id at 11-12

Defense counsel then stated on June 27, 2022 Plaintiff was called to medical and given passes of no pulling or lifting 15 lbs, low bunk pass, adaptive device, no standing over 10 minutes with 5 minute rest in between, *but Defense counsel leaves out if Plaintiff didn't get his medical records he would not have known about the passes which was 6/27/2022 he received the passes* (Doc. 33 at 12-13). *Over three months after Injury.*

Defense counsel Next states everything Plaintiff said on June 27, 2022, *except, Plaintiff asked Dr. Llorens what was the point in having an air*

5

*cast with no air because it was not supporting his foot, and plaintiff felt that they had just given him the air cast and passes to cover up the mistake that they had made.* Doc. at 13-14).

**I. Next, Defense Counsel Contends, Mr. Kinard's Amended Complaint should be Dismissed because first he failed to properly exhaust available administrative remedies.**

Plaintiff did properly exhaust the grievance procedure. Not once but four times because Plaintiff was not getting the proper medical treatment not as defense counsel alleges.

Plaintiff broke his foot on March 24, 2022 when he slipped in water and the fracture was not discovered for nearly three months later. Defense Counsel mentions nothing about the leaking roof, or the video footage that will show Plaintiff's injury.

Defense counsel fails to acknowledge that the only reason Plaintiff was given anything was because he had to keep filing grievances and six sick calls which counsel failed to mention in her Motion to dismiss Kinard's complaint.

Plaintiff filed his first grievance on April 12, 2022, and in part, stated, this has been 20 days since I've damaged my foot. If there is a fracture in my foot from not getting adequate medical care could very well have

damaged my foot from proper healing. I'm requesting that I get the medical care needed ASAP as this has went on without the proper care for to long", than Plaintiff went on to file at least six more six calls and a total of four grievances dealing with his fractured foot.

Plaintiff has not added any new claims to his complaint and clearly has exhausted the grievance procedure. The cases cite by counsel are all misplaced dealing with the issue raised in Defense Counsels Motion that he did not exhaust the grievance procedure. Kinard clearly put both Centurion and Department of corrections on notice that he was grieving the fact that he was not being given the proper medical care for a fractured foot. See Long v. Hosseini, 2019 U.S. Dist Lexis 225486 "stating in Plaintiffs grievance he refers to medical staff and he complains that medical staff denied him access to healthcare"; Plaintiff did way more as he filed four grievances and six sick calls bringing them to notice that he was being denied access to adequate medical care.

The Florida department of corrections established a grievance procedure in 33-103.001 to 33-103.019 and Plaintiff clearly followed and exhausted this procedure as defense counsel has attached as exhibits his exhausted grievances, and during discovery Plaintiff will produce several sick calls and medical reports, witnesses who will testify etc...

Plaintiff clearly put in his facts in his complaint Page# 8-14 step by step as to how he was denied medical treatment and filed the sick calls, the grievances begging to have treatment for a broken foot that he never received. The broken foot healed improperly because medical never gave plaintiff adequate medical care, not as defense counsel would like this court to believe, and will provide medical records through discovery that Plaintiffs blood pressure was 179/90., 160/91., 152/95., 156/90 due to the extreme pain he was in from his fractured foot he was forced to walk on for months.

**II. Defense Counsel claims FDC Defendants are entitled to Eleventh Amendment immunity against the ADA claim.**

Plaintiff, alleged in his complaint at page# 5 that the Defendants violated his rights by denying him treatment that was required and necessary to prevent undue pain suffering and long term disability caused by inadequate treatment of a fractured foot, which constituted deliberate indifference to Plaintiffs serious medical needs in violation of the Eighth Amendment and discrimination on the basis of disability in violation of the Americans with disabilities Act ("ADA") and the Rehabilitation Act ("RA"); and then showed enough facts in his complaint.

All the Courts need to find is that Plaintiff alleged enough in his complaint, which he has, and accept as true Plaintiff's factual allegations

8

and draw all reasonable inferences in favor of Plaintiff that his constitutional rights were violated; See Fields v. Corizon Health Inc, 490 F. Appx 174, 185 (11th Cir 2012)(citing Ancata v. Prison health Servs, 769 F.2d 700,705 (11th Cir 1985); and Anderson v. City of Atlanta, 778 F.2d 678, 688 n. 14 (11th Cir 1985). Page 20 of Plaintiff's complaint states that Dr. LLorens, Intentionally delayed, failed, and refused to provide Plaintiff with treatment that would address his serious medical needs despite knowing that his actions would result in Plaintiff's continued suffering of walking on a fractured Foot for almost three months. Then When Dr. Llorens finally found Plaintiff had a fractured foot, rather than properly treating Plaintiff, Dr. Llorens had Plaintiff put in an Air Cast with no Air. An act of Deliberate indifference to Plaintiff's serious medical needs. See Brown v. Hughes, 894 f.2d 1533, (11th Cir. 1990); stating "Deliberate Indifference to a prisoner's serious medical need violates the eighth amendment because denying or delaying treatment is tantamount to unnecessary and wanton infliction of pain." (citing); Estelle v. Gamble, 429 U.S. at 104. Further, finding Deliberate Indifference where inmate with a broken foot was delayed treatment for a few hours, the Hughes Court denied summary judgment because there was a genuine issue of a material fact as to whether the defendant knew of the Plaintiff's condition during the hours in

which no medical care was provided. Not like Plaintiff's where it was months. Plaintiff has pleaded facts sufficient to show that his broken foot and the severe pain resulting from that is in fact a serious medical need. See Melton v. Abston, 841 F.3d 1207, 1222 (11th Cir. 2016) ("Under our case law, a reasonable jury could find that [prisoner's] severe pain and suffering constituted a serious medical need.");(2022 U.S. Dist. LEXIS 17) see also Mann v. Taser Int'l, 588 F.3d 1291, 1307 (11th Cir. 2009).

Brown v. Hughes, 894 F.2d 1533, 1538-39 (11th Cir.1990) (finding deliberate indifference where inmate with a broken foot was delayed treatment for a few hours). Plaintiff filed four grievances and several sick calls each time medical is looking at the severe damage but the Plaintiff was denied treatment. Putting a used air cast with no air on a broken foot after almost ninety days is deliberate indifference to Plaintiffs medical needs. Plaintiff stands by his facts in his motion.

*Further, Department of Corrections staff never called medical when Plaintiff slipped in water from leaking roof, and never filled out a incident report or destroyed it if they do not produce it during discovery.*

**III. Next Defense counsel claims plaintiff failed to state a cause of action under the ADA and RA for which relief can be granted.**

First, Plaintiff did provide sufficient notice to the Defendants regarding the causal connection with them on the claim.

Plaintiff alleged several facts where he was discriminated on the basis of his disability his complaint. Plaintiff has alleged way more than a mere disagreement over his medical treatment. Plaintiff alleged in his motion several ADA and RA discriminations against him. For one Plaintiff alleged that FDC denied him the benefit of medical services because of his fractured foot. See, "Hoffer v. Inch, 382 F. Supp. 3d 1288, 1297 (N.D. Fla. 2019)(Finding that a qualified inmate who is denied the benefit of medical services by reason of his disability can state a title II ADA Claim"); also see Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) ("Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases"). Plaintiff has alleged plenty of facts in his complaint alleging that his ADA and RA rights were violated from the Defendants refusal to provide him with adequate medical care. See Plaintiffs complaint pages 14-19 where Plaintiff alleged that he had a disability and that FDC discriminated against him on the basis of his disability. Not as Defense counsel claims that he did not allege page 17 Motion to Dismiss.

Plaintiff has alleged plenty of facts that he stated a claim under the ADA and RA; that he has a disability; that he has been excluded from and

11

denied the benefits of the services, programs, or other activities of FDC and had been discriminated against by FDC; See Plaintiffs Complaint 14-19. It appears that Defense counsel wanted Plaintiff not to respond and has cited frivolous claims against Plaintiff because FDC failed to provide Plaintiff with adequate Medical care. As FDC has made court's aware of its sordid history of not providing inmates with adequate medical care.

*Nothing defense counsel has complained about in their motion to dismiss has done anything to actually treat Plaintiffs injury.*

## IV. Defense Counsel Claims Plaintiff cannot recover damages under the ADA or RA.

Plaintiff has clearly shown that FDC has acted in bad faith in failing to provide him with adequate medical care by forcing him to walk on a fractured foot when, several nurses and doctors seen the extremely swelled, discolored foot with black purple toes and black purple bottom foot. Then when they finally determined it was broke after almost three months. They then put plaintiff in a used air cast and made him walk in this for the next three months with no air even though *"it's an air cast."*

Defense counsel page#22 claimed Plaintiff received medical treatment that included medical passes, but fails to allege this was after four grievances and his foot was already healing from having no adequate

12

medical treatment for months. Plaintiff was called to medical and given passes of no pulling or lifting 15 lbs, low bunk pass, adaptive device, no standing over 10 minutes with 5 minute rest in between, *but Defense counsel leaves out if Plaintiff didn't get his medical records he would not have known about the passes which was 6/27/2022 he received the passes.* (Doc. 33 at 12-13).

**V. Lastly, Defense counsel states Plaintiff has not adequately alleged entitlement to declaratory or injunctive relief.**

The defendant's Motion to dismiss as to Defendant Dixon. In the United States District Court, Northern District in case no.: 4:17-cv-00214-MW-CAS, Hoffer v. Jones, Secretary Jones and Inch were sued in their official capacity as the Secretary of the Florida Department of Corrections for declaratory and prospective injunctive relief, just as Defendant Dixon is now being sued in his official capacity.

The Northern District, in Hoffer, concluded that suit could be maintained against Secretary Jones in her official capacity regardless of ant 11th Amendment qualified immunity defense. So there should be no difference as to Defendant Dixon under the exception established in exparte Young, 209 U.S. 123 (1908).

In addition, Plaintiff's complaint sufficiently sets forth an Eighth Amendment violation claim and Plaintiff is not required to set out in detail all the facts upon which the claim is based. Accord, <u>Arthur H. Richland Company v. Edward A. Harper</u>, 302 F.2d 324 (5th Cir 1962).

**WHEREFORE**, FDC Defendants' Motion to Dismiss, Document 54 is insufficient to warrant dismissal of this lawsuit, Plaintiff hereby prays this Honorable Court enter an order DENYING Defendants Motion to Dismiss Complaint.

Respectfully submitted,

*/s/ Roy David Kinard*
Roy David Kinard DC# 969084
Cross City C.I.
568 NE 255th Street,
Cross City, Florida 32628

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposition Motion to Dismiss has been furnished to: Clerk of Court, United States District Court, Middle District of Florida, 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202-4271, and Attorney Blair Castle, Bradley Arant Boult Cummings LLP, 100 North Tampa Street, Suite 2200, Tampa, Florida 33602, and Attorney Juanita Villalpando, Office of the Attorney General, The Capitol, PL-01 Tallahassee, Florida 32399-1050 on this 9th day of August, 2023.

Respectfully submitted,

*Roy David Kinard*
Roy David Kinard DC# 969084
Cross City C.I.
568 NE 255th Street,
Cross City, Florida 32628